**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20761

PAMELA FLETCHER,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

April 21, 2000

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

Plaintiff-Appellant Pamela Fletcher("Fletcher") appeals from the magistrate judge's denial of her motion to reconsider its summary judgment in favor of Defendant-Appellant Kenneth S. Apfel, Commissioner of Social Security ("Commissioner") due to the untimely filing of Fletcher's petition for review of the denial of social security benefits under 42 U.S.C. § 405(g). For the reasons

1

assigned, we AFFIRM the decision of the magistrate judge.[1]


I.   FACTS AND PROCEEDINGS

Fletcher filed an application for disability insurance benefits and supplemental security income on July 19, 1994 due to claims of disability from back pain, arthritis in her knees, asthma, high blood pressure, heart problems, irritable bowel difficulties and vision loss.  On November 24, 1995, the Administrative Law Judge ("ALJ") determined that, although Fletcher suffers from multiple ailments and is incapable of performing her past relevant work as a cook, she was ineligible for benefits in that she was qualified to perform a significant number of sedentary jobs.  On February 20, 1997, the Appeals Council declined to review the decision of the ALJ in that there was no basis for review under the applicable regulations.

On March 31, 1997, Fletcher attempted to initiate a civil action in the Southern District of Texas to review the denial of benefits by filing an application for leave to proceed *in forma pauperis* ("IFP").  The application to proceed IFP was denied on April 2, 1997, although the rejection was not recorded by a docket entry until April 7, 1997.  On May 8, 1997, after Fletcher paid the filing fee, the civil action was accordingly filed.

On October 6, 1997, the Commissioner filed a motion to dismiss

---

[1]This case was heard before a magistrate judge under the consent of both parties pursuant to 28 U.S.C. § 636(c).

the civil action as untimely under 42 U.S.C. § 405(g). The magistrate judge granted the motion to dismiss on February 12, 1998 and final judgment was rendered for the Commissioner the same day. On March 16, 1998, Fletcher filed a motion to reinstate the civil action. The magistrate judge reinstated the case on March 31, 1998, and the Commissioner once again filed a motion to dismiss the action as untimely, which the magistrate judge treated as a motion for summary judgment. The magistrate judge granted the motion for summary judgment on June 2, 1998 and entered final judgment for the Commissioner on June 4, 1998. On June 15, Fletcher filed a motion for reconsideration of the entry of summary judgment, which was denied on July 22, 1998. Fletcher timely filed a notice of appeal from the denial of the motion for reconsideration on August 20, 1998.

## II. STANDARD OF REVIEW

Fletcher appeals from the magistrate judge's denial of her motion to reconsider the granting of summary judgment to the Commissioner. A motion to reconsider "which challenges a prior judgment on the merits will be treated as a [Federal Rule of Civil Procedure] 59(e) motion if it is served within ten days after entry of the judgment." *Trust Company Bank v. United States Gypsum Co.*, 950 F.2d 1144, 1147 (5th Cir. 1992) (*citing Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991)). As Fletcher filed her motion to reconsider on June 15, exactly ten days after the entry

3

of judgment denying the motion to reconsider, the motion is properly considered a Rule 59(e) motion. *See* FED.R.CIV.P. 6(a).

In general, a grant or denial of a Rule 59(e) motion is reviewed for abuse of discretion. *See, e.g., Southern Constructors Group v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). This general rule applies to a Rule 59(e) motion for a magistrate judge's ruling upon an issue within its discretion -- such as whether to consider new evidence. *See Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994) ("If the party seeking reconsideration attaches additional materials to its motion that were not presented to the trial court for consideration at the time the court initially considered the motion for summary judgment, the court may consider the new materials in its discretion.").

By way of contrast, if a party appeals from the denial of a Rule 59(e) motion that is solely a motion to reconsider a judgment on its merits, *de novo* review is appropriate because, interpreting the notice of appeal liberally, "it is clear that the appealing party intended to appeal the entire case." *Trust Company Bank*, 950 F.2d at 1148 (*citing Osterberger v. Relocation Realty Service Corp.*, 921 F.2d 72, 73 (5th Cir. 1991)). To find otherwise would be to significantly affect the appeal by employing an abuse of discretion standard, which is proper when reviewing a magistrate judge's decision to marshal facts and determine whether it should reconsider its decision, as opposed to a *de novo* standard which is

4

proper when reviewing solely an issue of law. *See id.* at 1147 n.5.

Fletcher's Rule 59(e) motion to reconsider asked the magistrate judge to reconsider its decision that her civil action was untimely because the statute of limitations had been tolled for an additional three days under Federal Rule of Civil Procedure 6(e). The facts underlying this issue were undisputed. Fletcher now comes before this court advancing the identical legal issue -- that the limitations period was tolled for an additional three days under Rule 6(e). Thus, it is clear that Fletcher, although nominally appealing the denial of the motion to reconsider, intended to appeal the merits of the underlying judgment. Accordingly, *de novo* review is proper.

## III. DISCUSSION

The sole issue presented is whether Fletcher timely filed her civil action. "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he is a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (1999). "The [Commissioner] pursuant to its authority under § 405(g) to allow 'further time' for the commencement of civil actions, promulgated 20 C.F.R. § 422.210(c)". *McCall v. Bowen*, 832

5

F.2d 862, 864 (5th Cir. 1987).[2]  In calculating this limitations period, the magistrate judge found that the notice of decision was mailed on February 22 and thus, applying the five day presumption, began counting the period from February 27.  However, no evidence in the record indicates that the notice of decision was mailed to Fletcher on a date other than February 20, 1997.  By applying the five-day presumption to February 20, Fletcher was deemed to have received notice on February 25.  Under the un-rebutted presumption in section 422.210(c), the period thus began to run February 26. Accordingly, the magistrate judge erred in his statement that the notice was mailed on February 22 and in holding that the limitations period began to run on February 28.[3]

Fletcher contends that if the limitations period is tolled during the pendency of the IFP application and an additional three days is added to the limitations period under Federal Rules of

---

[2]"Any civil action described in paragraph (a) of this section must be instituted within sixty days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of decision by the Appeals Council is received by the individual, institution or agency, except that this time may be extended by the Appeals Council on a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officers' decision or notice of the decision of the Appeals Council shall be presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c) (2000).

[3]Although there is no evidence in the record to support Fletcher's assertion and the magistrate judge's conclusion that the notice of decision was mailed February 22 rather than February 20, the calculation of the limitations period may well be different if such evidence were in the record, making for a stronger argument that Fletcher's civil action was timely filed.

Civil Procedure 6(e) because the denial of IFP was mailed to her, her suit would be timely filed on May 8. This circuit has not previously addressed whether the limitations period is tolled during the pendency of an unsuccessful application for IFP status. We have held, however, that the period is tolled during a delay in stamping a complaint "filed" in a case in which IFP status is eventually granted. *See, e.g., Ynclan v. Department of Air Force*, 943 F.2d 1388, 1392-93 (5th Cir. 1991). This circuit has also held that the sixty-day limitations period of section 405(g) is non-jurisdictional. *See Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990); *Thibodeaux ex rel. Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987). Other circuits that have addressed the question have held that, because the limitations period is non-jurisdictional, it is properly tolled during the pendency of an application for IFP status and that three days are added under Rule 6(e) if notice of denial of IFP is mailed. *See Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994) ("we hold that the 90-day limitation period was only tolled for those four days, *and the additional three days required by Fed.R.Civ.P. 6(e).*") (emphasis added); *see also Williams-Guice v. Board of Education*, 45 F.3d 161, 164-65 (7th Cir. 1995).

Fletcher's legal analysis may be correct, but we need not decide the issue. Her contention that her civil action was timely filed due to the tolling and grace period provisions assumes that

7

the notice of decision was posted on February 22 and that the limitations period in her case therefore began to run on February 28. Because the record evidence indicates that the notice was mailed on February 20 and does not support any date other than February 20 for the start of the limitations period, however, we must begin the calculation of the limitations period as of that date. Applying the five day presumption, tolling the period pending IFP and extending the period three days under Rule 6(e), the limitations period, starting February 26, expires on May 7. Thus, Fletcher's suit would not be timely filed even though the period was tolled during the pendency of the IFP period and three additional days were added under Rule 6(e), because Fletcher did not file her civil action (by paying her filing fee) until May 8. We therefore need not address whether the IFP period was tolled pending the eventually denied IFP application or if three days are added to the limitations period under Rule 6(e) because notice of such denial was mailed.

## IV. CONCLUSION

Because there is no evidence in the record supporting the magistrate judge's statement that notice was mailed on February 22, 1997 instead of February 20, or Fletcher's contention that she timely filed, the summary judgment entered for the Commissioner is AFFIRMED.