IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30030
Summary Calender

_____


BARBARA SUE BURRELL

                                   Plaintiff-Appellant

v.

MAXINE BROWN, doing business as Jamie's Family
Restaurant

                                   Defendant-Appellee

_____

Appeal from the United States District Court
for the Western District of Louisiana
No. 98-CV-908
_____

July 28, 2000

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Barbara Sue Burrell appeals a jury

verdict in favor of Defendant-Appellee Maxine Brown.  For the

following reasons, we AFFIRM.

                              I.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Burrell is a former cook at Jamie's Family Restaurant in Bastrop, Louisiana. Jamie's Family Restaurant is owned and operated by Brown. In December 1994, Burrell informed Brown that she was pregnant. On January 25, 1995, Brown told Burrell not to return to work because she was worried that Burrell would slip and fall in the kitchen, possibly injuring her unborn child. According to testimony offered at trial, Brown intended Burrell's lay-off to be temporary, with Burrell returning to work after the baby was born.

Burrell had her baby in August, and subsequently asked Brown for her job back. During Burrell's pregnancy, however, another restaurant had opened in Bastrop and drawn business away from Jamie's Family Restaurant. As a result, Brown did not need any more cooks and refused to give Burrell her job back. In October 1995, Burrell filed a complaint with the Bastrop Job Service (a division of the Louisiana Department of Labor), complaining that Brown had discriminated against her because of her pregnancy.[1]

---

[1] There is some dispute regarding exactly what forms Burrell completed when she made her complaint to the Bastrop Job Service. Both sides agree that Burrell completed an "Employment Service Complaint" form provided by the United States Department of Labor. The record, however, also contains an undated Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination. In the charge, Burrell stated that she believed she had been discriminated against because of her pregnancy. The charge also stated that it would be filed with the Louisiana Commission on Human Rights ("LCHR") and the EEOC. Burrell claims that she filled out this form during her visit to the Bastrop Job Service, but Brown disputes this conclusion, arguing that the charge was not completed until December 1995 at the earliest.

The same day the Bastrop Job Service received Burrell's complaint, it concluded that it could not properly resolve the issue at the local level. As a result, it forwarded her complaint to the Director of Compliance Programs for the Louisiana Department of Labor. After a delay of over two months, the Director of Compliance Programs determined that the EEOC, rather than the Louisiana Department of Labor, was the appropriate agency to handle Burrell's complaint. The Department of Labor forwarded Burrell's complaint to the EEOC on December 11, 1995.

Because Burrell's charge was not filed with the EEOC within 300 days of her being fired, as required by Title VII, see 42 U.S.C. § 2000e-5(e)(1), the EEOC initially informed Burrell that it lacked jurisdiction because her charge was untimely.[2] Burrell urged the EEOC to reconsider its decision. The EEOC subsequently determined that Burrell's original complaint to the Bastrop Job Service was sufficient to render her charge timely. The EEOC investigated Burrell's charge, concluded that it was likely that

---

The district court, in considering the parties' Rule 50 motions, found that the charge had been completed by Burrell during her October 1995 visit to the Bastrop Job Service. In any event, neither party disputes that the form did not actually find its way to the EEOC until sometime in December of 1995. Nor, apparently, was the charge ever filed with the LCHR. Given our analysis of the case, we need not determine the exact date that the EEOC charge form was completed.

[2] Burrell's EEOC charge would have to have been filed with the EEOC by November 21, 1995 to be within the 300-day time limit.

she had been discriminated against by Brown, and attempted conciliation.  When all attempts at conciliation failed, the EEOC issued Burrell a right-to-sue letter on February 12, 1998.

Burrell filed suit in the United States District Court for the Western District of Louisiana on May 11, 1998.  Burrell's complaint alleged that Brown had illegally discriminated against her in violation of Title VII of the Civil Rights Act of 1964, see 42 U.S.C. §§ 2000e-2000e-17, by firing Burrell because she was pregnant.  Cross-motions for summary judgment were denied, and the case moved to trial.

During trial, both parties made timely Rule 50 motions for judgment as a matter of law, and the district court took both motions under advisement.  Prior to charging the jury, the district court denied Brown's Rule 50 motion, finding that there was sufficient evidence to support a finding for Burrell.  The court did, however, find that Burrell's filing with the Bastrop Job Service did not constitute a filing with the EEOC and that her EEOC charge was therefore untimely.  Nonetheless, the court concluded that the doctrine of equitable tolling might serve to relieve Burrell of the timely filing requirement, and that whether equitable tolling should apply in this case was an issue of fact to be decided by the jury.  The court withheld ruling on Burrell's Rule 50 motion until the jury returned its verdict.

The district court subsequently instructed the jury that Burrell had failed to make a timely filing with the EEOC but

4

that, under the doctrine of equitable tolling, her failure to make a timely filing might be excused.[3]  Neither party objected to the jury instructions.  The jury interrogatories asked the jury to first find whether "Burrell diligently pursued her employment discrimination claim but inadvertently missed deadlines due to her lack of sophistication with the procedural

---

[3] Specifically, the court instructed the jury that:

> Before an employee can file suit against his employer under [Title VII], he must first file a charge with the [EEOC].  In Louisiana, an employee has 300 days from the date of the act of discrimination to file a complaint with the E.E.O.C. If the employee does not file a complaint within the 300 day time period, he is barred from bringing an action in court against the employer.  In this case the charge was not timely filed.

> However, the employee's failure to file a charge with the E.E.O.C. during the 300 day period may be excused under certain circumstances.  This is known as "equitable tolling."  Equitable tolling is a doctrine that a court may apply to allow an action to proceed even though the action is untimely under the statute.  The plaintiff bears the burden of proving the justification for the application of equitable tolling principles.

> Equitable tolling may be based on the plaintiff's excusable neglect, which may or may not be attributable to the defendant. Equitable tolling may apply when a plaintiff has vigorously pursued his action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of employment discrimination claims.  The jury must decide whether the plaintiff's excusable neglect caused the untimely filing.

requirements of employment discrimination."  The court instructed the jury not to answer the remaining interrogatories regarding Burrell's claims of discrimination if it answered the first interrogatory in the negative.  The jury answered the first interrogatory in the negative, thus returning a verdict in favor of Brown.

After the jury returned its verdict, Burrell renewed her Rule 50 motion.  The district court denied her motion and subsequently entered judgment in favor of Brown.  Burrell timely appeals.

## II.

On appeal, Burrell argues a number of points.  First, she contends that the court erred in finding that her filing with the Bastrop Job Service was insufficient to constitute a filing with the EEOC and that her EEOC complaint was therefore untimely.  Second, Burrell complains that the issue of equitable tolling is a legal one, and that the district court erred in submitting the issue to the jury.  Lastly, Burrell argues that even if the issue of equitable tolling was properly submitted to the jury, the jury's verdict was not supported by the evidence and the district court erred in denying her judgment as a matter of law.[4]  We

---

[4]  Burrell's brief also contends that the district court erred in denying her motion for summary judgment.  Only "final decisions of the district courts" may be appealed.  See 28 U.S.C. § 1291.  A denial of summary judgment is an interlocutory

discuss each of these arguments in turn.

## A.  Did Burrell's Filing with the Bastrop Job Service Meet the Requirements for a Timely Filing with the EEOC under Title VII?

Burrell claims that her complaint to the Bastrop Job Service was a complaint filed with a state deferral agency, that a filing with a state deferral agency constitutes a filing with the EEOC, and thus that her filing with the Bastrop Job Service rendered her complaint timely filed with the EEOC.  Brown counters that Title VII requires at least a nominal filing with the EEOC, and that a filing with a state deferral agency cannot satisfy Title VII's filing requirements.  Brown further contends that even if a filing with the state deferral agency were sufficient to constitute a filing with the EEOC, the proper deferral agency in Louisiana is the LCHR, not the Bastrop Job Service.

Whether Burrell's filing with the Bastrop Job Service within the 300-day time limit constitutes a timely filing with the EEOC is an issue of law.  We review issues of law de novo.  See Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000).

---

decision.  An interlocutory decision is only considered final and appealable under § 1291 if "it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment."  Acoustic Sys., Inc. v. Wenger Corp., 207 F.3d 287, 290 (5th Cir. 2000) (citations omitted).  Burrell has made no showing that any of these conditions are met here, and thus we lack jurisdiction to review the district court's denial of Burrell's summary judgment motion.

Title VII requires that an aggrieved employee file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice.  See 42 U.S.C. § 2000e-5(e)(1).  Title VII, however, also contemplates that states will establish state or local agencies with "authority to grant or seek relief" from discriminatory practices, "or to institute criminal proceedings with respect thereto."  Id.  States with such agencies are known as deferral states.  See Blumberg v. HCA Management Co., Inc., 848 F.2d 642, 645 (5th Cir. 1988).  In a deferral state, an individual need not file a charge with the EEOC until thirty days after receiving notice that the state or local agency has terminated proceedings, or 300 days after the alleged unlawful employment action, whichever is earlier.  See 42 U.S.C. § 2000e-5(e)(1).  Louisiana became a deferral state with the creation of the LCHR.  See La. Rev. Stat. Ann. §§ 51:2231-51:2265.

We agree with the district court's decision that Burrell's filing with the Bastrop Job Service was insufficient to constitute a filing with the EEOC.  Title VII "clearly anticipates that [a] complaint must be filed with the EEOC" prior to complainant's seeking relief in federal court.  Chappell v. Emco Mach. Works Co., 601 F.2d 1295, 1304 (5th Cir. 1979); see also Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998) (stating that "[i]n a state that . . . provides a state or local administrative mechanism to address complaints of employment

8

discrimination, a title [sic] VII plaintiff <u>must</u> file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged") (emphasis added) (citations omitted). Therefore, Burrell was required to make some sort of nominal filing with the EEOC within 300 days of the complained-of action. It is undisputed that no document relating to Burrell's charge of discrimination reached the EEOC until early December, well outside the 300-day time limit.

Burrell points to a work-sharing agreement between the LCHR and the EEOC in support of her contention that a filing with the state deferral agency is sufficient to constitute a filing with the EEOC. Burrell's reliance on this agreement, however, is misplaced. While the agreement states that the EEOC and LCHR "designate the other as its agent for the purpose of receiving and drafting charges," the fact remains that Burrell never filed a charge with the LCHR. Burrell baldly asserts that "it is apparent that the Louisiana Department of Labor and Bastrop Job Service served as agents of the" LCHR, but she provides no support for that contention. The case law is devoid of any reference to other Louisiana state agencies acting as agents for the LCHR, and Louisiana statutes offer no indication that other state agencies are empowered to act on the LCHR's behalf.

Furthermore, under Title VII, a deferral agency is a state or local agency that has the authority to "grant or seek relief" from discriminatory practices, as well as to "institute criminal

9

proceedings" with respect to the discrimination alleged by the charging party.  42 U.S.C. § 2000e-5(e)(1); see also White v. Dallas Indep. Sch. Dist., 581 F.2d 556, 561 (5th Cir. 1978) (en banc).  Burrell points to no authority indicating that either the Bastrop Job Service or the Louisiana Department of Labor is empowered to act in a manner that would justify their being considered deferral agencies.

Burrell also points out that the EEOC, although it first determined that her complaint was untimely, later amended its decision to find that her filing with the Bastrop Job Service was sufficient to render her charge timely.  The federal courts, however, are not bound by determinations made by the EEOC.  See Chappell, 601 F.2d at 1304 (holding that the courts are not bound by the EEOC's determinations regarding compliance with Title VII's filing requirements, but instead must make an "independent determination" regarding timeliness).  Therefore, the district court did not err either in disregarding the EEOC's decision regarding the timeliness of Burrell's charge, or in independently finding that Burrell's charge was not timely.

Finally, Burrell argues that she believed that she had done all that was required of her once she filed a complaint with the Bastrop Job Service.  We recognize that his may have been the case.  Burrell's belief, however, does not pertain to whether a charge was timely filed with the EEOC, but to whether the doctrine of equitable tolling, discussed infra, applies to excuse

10

Burrell's late filing. Burrell was required to file a charge with the EEOC within 300 days of being fired by Brown, and the evidence is uncontroverted that no filing was made within this time. We find no support in the record, case law, or statutes for Burrell's contention that her filing with the Bastrop Job Service was sufficient to constitute a filing with the EEOC. Therefore, we agree with the district court that that Burrell failed to make a timely filing with the EEOC.

## B. Did the District Court Err in Submitting the Issue of Equitable Tolling to the Jury?

It is well established that a timely filing with the EEOC is not a jurisdictional prerequisite, but is a "requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Prior to Zipes, we recognized that the time period for filing a charge with the EEOC may be tolled in at least three specific instances: (1) "during the pendency of an action before a state court which had jurisdiction over the subject matter of the suit, but which was the wrong forum under state law"; (2) during the period prior to when the employee knew or should have known of the facts giving rise to his claim; and (3) when the EEOC misleads the employee about her rights. Chappell, 601 F.2d at 1302-03. We have recognized, however, that equitable tolling may apply to more circumstances than just those

11

listed in Chappell.  See Conaway v. Control Data Corp., 955 F.2d 358, 362 (5ᵗʰ Cir. 1992) (stating that "[e]quitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act") (citations omitted); Blumberg, 848 F.2d at 644-45 (listing the three bases for equitable tolling recognized in Chappell but stating that "these three are not the only cases for tolling" and that "other circumstances may toll the running of the period").

In this case, neither party has objected to the district court's decision that, under these factual circumstances, equitable tolling may serve to excuse Burrell's untimely filing with the EEOC.  Rather, Burrell contends that the issue of whether equitable tolling should apply to excuse her untimely filing was a legal one, and therefore the lower court erred in submitting the issue to the jury.[5]  Burrell, however, failed to make this objection in the district court.  Federal Rule of Civil Procedure 51 states that "[n]o party may assign as error the giving of [a jury] instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."  The record indicates that the district court gave both parties an opportunity to object to the jury instructions,

---

[5] Burrell does not argue that the equitable nature of the inquiry makes it an issue for a judge rather than a jury.

12

including the instruction regarding equitable tolling, but that neither party stated any objection.

"Where the party challenging the district court's instructions has failed to raise the objection before the district court and his position has not been made clear to the court in some other manner, our consideration of the issue is limited to plain error review." Russell v. Plano Bank & Trust, 130 F.3d 715, 721 (5th Cir. 1997); see also Hartsell v. Dr. Pepper Bottling Co. of Texas, 207 F.3d 269, 272 (5th Cir. 2000). There is no evidence in the record that Burrell objected to the district court's jury instruction on the issue of equitable tolling. Therefore, we will only review the district court's decision for plain error.

Plain error is an error that is "clear," "obvious," or "readily apparent." See United States v. Calverley, 37 F.3d 160, 163 (5th Cir. 1994) (citations omitted). Furthermore, to constitute plain error, the error must affect the appellant's substantial rights. See id. at 164. Even if we find plain error, we need only reverse the district court if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Atkinson, 297 U.S. 157, 160 (1936); see also United States v. Olano, 507 U.S. 725, 732 (1993).

There is no plain error in the court's submission of the issue of equitable tolling to the jury. "[F]indings involving

13

material facts genuinely in dispute" -- in this case, whether excusable neglect caused Burrell's untimely filing -- are reserved for the fact finder, whether judge or jury.  Carroll v. Metropolitan Ins. and Annuity Co., 166 F.3d 802, 808 (5th Cir. 1999).

Furthermore, it is well established that Title VII's time limits for filing a charge with the EEOC are similar to a traditional statute of limitations.  See Zipes, 455 U.S. at 393. We have long held that determining whether a statute of limitations should be equitably tolled turns, in part, on factual determinations.  See Fluor Eng'rs and Constructors, Inc. v. Southern Pac. Transp. Co., 753 F.2d 444, 449 n.6 (5th Cir. 1985) (stating that whether a plaintiff exercised due diligence in attempting to serve the defendant with process, which would toll the statue of limitations, is a question of fact); Hanson v. Polk County Land, Inc., 608 F.2d 129, 131 (5th Cir. 1979) (stating that "[a] factual dispute about equitable tolling of the statute of limitations" would render a grant of summary judgment inappropriate).

We find that the district court did not clearly err in submitting the issue of equitable tolling to the jury.  Once the district court determined that Burrell had failed to make a timely filing with the EEOC, the question whether equitable tolling excused her failure turned on the factual issues whether Burrell was diligent in pursuing her rights and missed the filing

14

deadline only as a result of excusable neglect.  Given that the jury was the ultimate finder of fact in this case, we find that the district court did not clearly err in submitting these issues to the jury.

C.  Is the Jury's Verdict Supported by Sufficient Evidence?

Lastly, Burrell objects to the jury's verdict and the district court's subsequent refusal to grant her judgment as a matter of law.  Burrell claims that there was no evidence that she had failed to diligently pursue her claim for discrimination. "When a party contests a jury verdict on the grounds that the evidence is legally insufficient, we ordinarily apply de novo review, making the same inquiry required of the district court." Gaia Technologies Inc. v. Recycled Products Corp., 175 F.3d 365, 373 (5th Cir. 1999) (citing Nero v. Indus. Molding Corp., 167 F.3d 921, 925 (5th Cir. 1999)).

The district court may only set aside the jury's verdict if "there is no legally sufficient evidentiary basis for a reasonable jury" to find as it did.  Fed. R. Civ. P. 50. Therefore, we review the record to determine whether sufficient material evidence supports the jury's verdict.  See Vance v. Union Planters Corp., 209 F.3d 438, 441 (5th Cir. 2000).  "We may not reweigh the evidence, re-evaluate the credibility of the witnesses, nor substitute our reasonable factual inferences for the jury's reasonable inferences."  Douglas v. DynMcDermott

15

Petroleum Operations Co., 144 F.3d 364, 369 (5th Cir. 1998).

While the question is a close one, ultimately we agree with the district court that there is sufficient evidence in the record to support the jury's verdict. While Burrell testified that she believed she had taken all necessary steps in filing her EEOC complaint, Brown's attorney elicited testimony on cross-examination indicating that Burrell had been less than diligent in pursuing her rights. Burrell's testimony demonstrated that she had simply relied on the Bastrop Job Service to handle her claim and that she had done little to ensure that the Bastrop Job Service was the correct agency or that the charge was being properly handled. Brown also introduced evidence showing that when Burrell filed a second EEOC charge against Brown, she stated on the charge questionnaire that her first charge had not been filed with the EEOC until December 1995.

While our examination of the record suggests that reasonable juries could differ in their conclusions regarding Burrell's diligence in pursuing her claim, we cannot say that the jury's verdict is wholly unsupported by the record. In determining whether she diligently pursued her claim, the jury was called upon to assess Burrell's credibility. Having heard the evidence and witnessed the demeanor of the parties, the jury was entitled to conclude that Burrell should have been more diligent in pursuing her charge and that her untimely filing was not due to excusable neglect. We therefore decline to disturb the jury's

16

conclusion.

### III.

For the above stated reasons, we AFFIRM.