IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40434
Conference Calendar
_____

CURTIS LEON THOMAS, JR.,

Plaintiff-Appellant,

versus

THE TEXAS DEPARTMENT OF CORRECTIONS OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION; TAMMY ISAAC; VICKIE HARRIS; CURTIS DWIN
THOMAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-27
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Curtis Leon Thomas ("Thomas"), Texas state prisoner
# 660149, appeals from the district court's February 8, 2000,
order denying his Fed R. Civ. P. 60(b)(6) motion, March 20, 2000,
order denying his motion for reconsideration, and April 4, 2000,
order denying his "Petition for Rehearing." He argues that the
district court erred in denying the postjudgment motions. He
also argues that the Prison Litigation Reform Act's ("PLRA")
requirements should not apply to his appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Thomas' arguments are without merit.  This court does not have jurisdiction over Thomas' appeal from the district court's February 8, 2000, order.  See Fed. R. App. P. 4(a)(4)(A).  The district court did not err in denying Thomas' February 24, 2000, postjudgment motion.  See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1204 (5th Cir. 1993).  The district court did not abuse its discretion in denying Thomas' March 31, 2000, postjudgment motion.  See Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000).  Finally, the PLRA's requirements apply to Thomas' appeal.  See Jackson v. Stinnett, 102 F.3d 132, 136 (5th Cir. 1997).

Thomas' appeal is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  Our dismissal of this appeal counts as a "strike" against Thomas for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-88 (5th Cir. 1996).  Thomas has already accumulated two prior strikes. See Thomas v. TDCJ-ID, No. 2:95-CV-27 (S.D. Tex. June 25, 1996), and Thomas v. TDCJ-ID, No. 96-40721 (5th Cir. Dec. 17, 1996).  We caution Thomas that he may not hereafter proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  We further caution Thomas that the future filing of frivolous postjudgment motions will subject him to sanctions in addition those imposed under 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; 28 U.S.C. § 1915(g) SANCTION IMPOSED; ADDITIONAL SANCTIONS WARNING ISSUED.