IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-20427
Summary Calendar

IVO NABELEK,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-4181
--------------------
January 30, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Ivo Nabelek was convicted of aggravated sexual assault of a
child and possession of child pornography in 1994.  He appeals
the district court's dismissal of his 28 U.S.C. § 2254 petition
for failure to exhaust and the denial of his FED. R. CIV. P. 59(e)
motion seeking the reinstatement of his case.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because the district court dismissed Nabelek's petition on procedural grounds, to obtain a certificate of appealability ("COA") Nabelek must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In light of the information the district court possessed at the time it entered the order dismissing Nabelek's petition, Nabelek cannot make the showing required to obtain a COA.

Nabelek also seeks a COA to appeal the district court's denial of his Rule 59(e) motion in which he sought reinstatement of his case due to the exhaustion of his state postconviction application. Because Nabelek did not delay in notifying the district court of the exhaustion of his state court remedies and because his remedies were, in fact, exhausted at the time the district court dismissed Nabelek's 28 U.S.C. § 2254 petition, the district court abused its discretion in denying Nabelek's Rule 59(e) motion. See Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000); St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997).

With regard to this issue, Nabelek has shown that reasonable jurists could debate whether the district court was correct in denying his Rule 59(e) motion. See Slack, 529 U.S. at 484. Furthermore, reasonable jurists could debate whether Nabelek's claims of ineffective assistance of counsel constitute valid claims of the denial of a constitutional right. See id.

Therefore COA is granted.  The district court's order denying Nabelek's Rule 59(e) motion is vacated and the case is remanded.

COA DENIED IN PART AND GRANTED IN PART; VACATED IN PART AND REMANDED.