United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-11426

_____

HAJI GUL KHAN,

Plaintiff - Counter Defendant -
Appellant - Cross Appellee,

versus

SALAH HAKIM; ZIAUDDIN HAKIM; MYLES H.
PENNINGTON; SWAN DEVELOPMENT COMPANY LLC,

Defendants - Counter Claimants -
Third Party Plaintiffs - Appellees -
Cross Appellants,

MUNIR HOMES INC.,

Third Party Plaintiff - Appellee,

versus

DRUMSTICK LLC, a Texas Limited Liability
Company; ET AL.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CV-2771-K

_____

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff-Appellant Haji Gul Khan ("Khan") appeals from the district court's denial of his motion to reconsider summary judgment and compel arbitration in favor of Defendants-Appellees, Salah Hakim, Ziauddin Hakim, Myles H. Pennington, and Swan Development Company L.L.C ("Defendants"). Khan also appeals the district court's order granting Defendants' Rule 60 motion to amend the judgment. For the reasons assigned, the decision of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED.

I

This lawsuit arises out of a dispute over the ownership of a piece of commercial real estate in Alvarado, Texas. In October 2002, Khan sued the Defendants in Texas state court, alleging constructive fraud and civil conspiracy. In January 2003, the Defendants filed a counterclaim in the state court lawsuit against Khan and a third-party claim against Alvarado Market Station, LLC and Drumstick LLC. In September 2003, Khan filed for bankruptcy on behalf of Alvarado Market and Drumstick. The Defendants then invoked 28 U.S.C. § 1452 to remove the case to federal district court on the basis of its relationship to the bankruptcy proceeding.

Once in district court, the Defendants moved for summary judgment. Khan filed his response and summary judgment evidence, consisting of sworn affidavits, and on January 20, 2004, the

2

Defendants filed their reply. On Friday, August 13, 2004, before the district court issued its Opinion and Judgment, Khan and the Defendants agreed to arbitrate their claims under a binding agreement. Three days later, on Monday, August 16, 2004, approximately seven months after the motion had been fully briefed and before the court had been advised of the arbitration agreement, the district court granted the Defendants' motion for summary judgment. On August 24, 2004, Khan moved for reconsideration or for a new trial and simultaneously moved the court to compel arbitration under the new agreement. Those orders were denied and Khan timely filed his notice of appeal. On November 9, 2004, the Defendants filed a Rule 60 motion to amend the judgment and this motion was granted. Khan filed an amended notice of appeal, challenging all these orders and Defendants filed a cross-appeal.

## II

Khan appeals from the district court's denial of his Rule 59(e) motion to reconsider the granting of summary judgment to the Defendants. Khan also appeals from the district court's denial of his motion to compel arbitration. Because the motion to compel arbitration was filed within 10 days after the entry of the judgment and requests an alteration of the judgment, it is also considered a Rule 59(e) motion regardless of its label. See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc). The denial of a Rule 59(e) motion is

3

generally reviewed for abuse of discretion. Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000). If the moving party "appeals from the denial of a Rule 59(e) motion that is solely a motion to reconsider a judgment on the merits, de novo review is appropriate." Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 749 (2006) (citing Apfel, 210 F.3d at 512).

A

Khan relied almost exclusively on two self-composed affidavits as evidence to defeat the Defendants' summary judgment motion, both of which the district court declined to consider, invoking the doctrine of judicial estoppel. Khan does not assert that he can meet his evidentiary burden for summary judgment without the affidavits. In essence, therefore, Khan's Rule 59(e) motion challenges the district court's evidentiary ruling, and therefore its denial is reviewed for abuse of discretion.

The doctrine of judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (internal quotations marks and citations omitted). See also United States v. McCaskey, 9 F.3d 368, 379 (5th Cir. 1993). Judicial estoppel prevents a party from "playing fast and loose" with the courts, Hall v. GE Plastic Pacific PTE Ltd., 327 F.3d 391, 396 (5th Cir. 1996) (quotation omitted), and the decision to invoke it is within

4

the discretion of the district court. <u>Ahrens v. Perot Sys. Corp.</u>, 205 F.3d 831, 833 (5th Cir. 1999). This court has found that the application of judicial estoppel is warranted when (1) the party's position is clearly inconsistent with his earlier position; and (2) the party has convinced a court to adopt the position urged, either preliminarily or as part of a final disposition. <u>In re Coastal Plains, Inc.</u>, 179 F.3d 197, 206 (5th Cir. 1999). In his two affidavits, Khan presented answers to questions to which he had invoked his Fifth Amendment privilege in a deposition in the related bankruptcy case. Applying this test, the district court held that judicial estoppel was warranted to preclude consideration of these affidavits.

The court found Khan's invocation of his Fifth Amendment privilege in the bankruptcy proceeding based on the belief that his answers would subject him to criminal liability was inconsistent with his willingness to provide answers to those same questions in support of his civil claim. The court also found that the bankruptcy court had adopted that earlier position. Given the facts presented, the district court did not err, and consequently did not abuse its discretion, by invoking the doctrine of judicial estoppel here.

Khan's Rule 59(e) motion also requested that the district court compel the parties to arbitration, attaching as supporting evidence the newly signed agreement to arbitrate. This court has

5

held that "[i]f the party seeking reconsideration attaches additional materials to its motion that were not presented to the trial court for consideration at the time the court initially considered the motion for summary judgment, the court may consider the new materials in its discretion." Ford Motor Credit Co. v. Bright, 34 F.3d 322, 324 (5th Cir. 1994). See also Apfel, 210 F.3d at 512 (same). "[I]f the district court refuses to consider the materials, the district court applies the abuse of discretion standard [under which] the district court's decision ... need only be reasonable." Bright, 34 F.3d at 324 (internal quotation marks and citations omitted). Because the district court declined to consider the arbitration agreement presented for the first time together with the Rule 59(e) motion, we review the denial of the motion  to compel for abuse of discretion. In this case, where the summary judgment motion was fully briefed for seven months prior to the court's ruling, the district court did not abuse its discretion by refusing to vacate its final judgment and take up consideration of a contested motion to compel arbitration. Khan has cited no persuasive authority that would require another outcome.

B

Khan also appeals the district court's order amending the judgment in response to the Defendants' Rule 60 motion. On September 7, 2004, the Defendants filed a Rule 60 motion requesting that the district court amend its judgment to show that Khan "does

6

not own any legal or equitable interest" in the disputed property. Khan had filed a Notice of Lis Pendens together with his original petition with the state court and Defendants requested the emendation to remove "the cloud over the title that the lis pendens ha[d] created." The district court granted the order and entered an Amended Final Judgment in favor of the Defendants. While not raised by either party, the district court lacked jurisdiction to grant the Rule 60 motion to amend the order because it did so subsequent to the filing of the notice of appeal. It is well-established that the filing of a notice of appeal divests the district court of jurisdiction to grant a Rule 60(b) motion absent leave from this court. Shepherd v. Int'l Paper Co., 372 F.3d 326, 329 (5th Cir. 2004) ("Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion ... it no longer has jurisdiction to grant such a motion while the appeal is pending.") (citing Winchester v. United States Atty. for S.D. of Tex., 68 F.3d 947, 950 (5th Cir. 1995)) (emphasis in original). In the instant case, Khan appealed the district court's grant of summary judgment on October 27, 2004 and the district court granted the Rule 60 motion on November 9, 2004,[2] after its jurisdiction over the judgment had been divested. Accordingly, the Amended Final Judgment is vacated and the case remanded.

---

[2] On November 16, 2004, Khan filed an Amended Notice of Appeal with this court challenging the district court's order granting the Defendants Rule 60 motion.

III

For the foregoing reasons, the judgment of the district court is AFFIRMED, the Amended Final Judgment is VACATED, and the case is REMANDED.