United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-30979
Summary Calendar

**MARTIN ROBIN, III,**

Plaintiff-Appellant,

versus

**UNITED STATES OF AMERICA,**

Defendant-Appellee.

**Appeal from the United States District Court
for the Eastern District of Louisiana
(2:04-CV-2230)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Martin Robin, III, challenges the dismissal of his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.

In September 2002, Louisiana's Governor declared a state of emergency in anticipation of a tropical storm. In response to the storm's reaching Louisiana, the Louisiana Department of Wildlife and Fisheries (LDWF) mobilized a search and rescue operation. Pursuant to the request of the supervising LDWF Lieutenant, Special

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Agent Stephen Clark of the United States Fish and Wildlife Service (USFWS) assisted in the operation and contributed the use of a USFWS air boat. Upon the operation's conclusion, Special Agent Clark secured the air boat to his truck in order to return it to the USFWS office. En route to that office, while driving on a highway that had been closed to non-emergency personnel, Special Agent Clark struck Robin with his truck.

Robin filed this action against the United States pursuant to the FTCA, asserting, *inter alia*, negligence claims. After discovery, the district court granted the United States' motion to dismiss for lack of subject matter jurisdiction, ruling: Special Agent Clark was entitled to immunity from suit pursuant to LA. REV. STAT. § 29:735 ("Neither the state ... nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives ... engaged in any ... emergency preparedness activities, while complying with or attempting to comply with this Chapter ... shall be liable for ... any injury to persons ... as a result of such activity".); and, accordingly, the United States was *not* liable under the FTCA.

Robin's motion for new trial was denied. Because the motion was filed ten days after the entry of judgment dismissing Robin's claims, it is properly considered a Federal Rule of Civil Procedure 59(e) motion. *See **Fletcher v. Apfel***, 210 F.3d 510, 511-12 (5th Cir. 2000).

A dismissal for lack of subject matter jurisdiction is reviewed *de novo*. *E.g.*, **Baros v. Texas Mexican Ry. Co.**, 400 F.3d 228, 234 (5th Cir. 2005). A Rule 59(e) motion must establish either a manifest error of law or fact or must present newly discovered evidence. *E.g.*, **Ross v. Marshall**, 426 F.3d 745, 763 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 1125 (2007). Although a ruling on such a motion is generally reviewed for abuse of discretion, to the extent the motion seeks solely to reconsider a judgment on its merits, *de novo* review is appropriate. *See* **Fletcher**, 210 F.3d at 512.

As he did in his Rule 59(e) motion, Robin contends the district court erred in determining Special Agent Clark was entitled to immunity pursuant to LA. REV. STAT. § 29:735 because, *inter alia*, there is no evidence establishing that the search and rescue operation was properly authorized. His contentions, however, were *not* raised in opposition to the motion to dismiss. Accordingly, the district court's denial of his Rule 59(e) motion was *not* erroneous. *See* **Ross**, 426 F.3d at 763 ("[Rule 59(e)] motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." (quoting **Simon v. United States**, 891 F.2d 1154, 1159 (5th Cir. 1990))).

Moreover, even assuming *arguendo* these contentions were properly before the district court, Robin has waived them on appeal

3

due to his inadequate, conclusory briefing.  *See* FED. R. APP. P. 28(a)(9)(A) (appellant's brief must contain citation to relevant legal authorities and parts of the record); *Dardar v. Lafourche Realty Co., Inc.*, 985 F.2d 824, 831 (5th Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned.").

*AFFIRMED*