# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20060

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2018

Lyle W. Cayce
Clerk

FLORA CARMEN RODRIGUEZ,

Plaintiff - Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF11,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1597

Before DAVIS, COSTA, and OLDHAM, Circuit Judges.

PER CURIAM:*

In 1997, Texas lenders won a battle for a constitutional amendment allowing home equity loans to be secured by homesteads—a victory that one commentator has called "a clear case of 'be careful what you ask for because you just might get it.'" Ann Graham, *Where Agencies, the Courts, and the Legislature Collide: Ten Years of Interpreting the Texas Constitutional*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20060

*Provisions for Home Equity Lending*, 9 TEX. TECH. ADMIN. L.J. 69, 73 (2007). The amendment came with a long list of detailed conditions, failure of any one of which renders a lien invalid. *See* TEX. CONST., art. XVI, § 50(a)(6), (c). In this case, Flora Rodriguez relies on two such conditions—one requiring that she receive certain documents, and the other requiring that the parties sign an acknowledgment of fair market value—to stave off Deutsche Bank National Trust Company's attempt to foreclose. The district court granted summary judgment for Deutsche, and we AFFIRM.

I.

Rodriguez obtained a home equity loan for $100,001 from First Franklin in May 2006. First Franklin later assigned the loan to Deutsche. After years of missed payments and attempts by the loan's servicer to work out a solution other than foreclosure, Deutsche sought and obtained a foreclosure order in March 2016.

Rodriguez responded with a lawsuit. Her quiet title claim sought to invalidate the lien as having violated six provisions of the Texas Constitution, and her breach of contract claim based on those same violations sought forfeiture of the principal and interest she owed. *See* TEX. CONST., art. XVI, § 50(a)(6)(Q)(x) ("[A]ny holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit if the lender or holder fails to comply . . . .").

Deutsche moved for summary judgment, and in her response, Rodriguez abandoned four of the six constitutional provisions on which she originally relied. She also stated that she "seeks forfeiture through her breach of contract claim, not through quiet title." Although she made arguments that might support her quiet title claim, the words "quiet title" appeared nowhere else in her response.

2

No. 18-20060

The district court granted summary judgment, finding that Rodriguez had waived her quiet title claim and that her breach of contract claim was time-barred. Rodriguez moved for reconsideration, arguing that she had not waived her quiet title claim. The district court declined to reconsider, and Rodriguez appealed.[1]

## II.

The parties dispute whether the district court properly determined that Rodriguez waived her quiet title claim. But as we ultimately conclude that summary judgment would have been proper on the merits, we do not address the waiver question. *See R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d at 811 (5th Cir. 2012) ("We are not limited to the district court's reasons for its grant of summary judgment and may affirm the district court's summary judgment on any ground raised below and supported by the record." (cleaned up)).

## A.

The first constitutional provision Rodriguez invokes conditions the validity of a lien on the owner's receiving "all executed documents signed by the owner at closing related to the extension of credit." TEX. CONST., art. XVI, § 50(a)(6)(Q)(v). Rodriguez asserts that while she received copies of the lien agreement and fair market value acknowledgement with her signature, she never received the "executed" copies that would also have had First Franklin's

---

[1] In her notice of appeal, Rodriguez said she appealed from her motion for reconsideration. And her brief sets out the standard of review for the denial of those motions, not for summary judgments. But we nevertheless review the summary judgment because Rodriguez's brief plainly takes issue with the summary judgment itself, not the district court's declining to reconsider it, and Deutsche's brief defends the summary judgment. *See R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012); *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000). Rodriguez appeals only the dismissal of her quiet title claim, so we do not address the district court's dismissal of her breach of contract claim on limitations grounds.

signature.  The problem is that the "executed" language was not part of this requirement when Rodriguez's loan issued.  The version of section 50(a)(6)(Q)(v) in effect when her loan closed required only that the lender "provide the owner of the homestead a copy of all documents signed by the owner related to the extension of credit."  TEX. CONST., art. XVI, § 50(a)(6)(Q)(v) (amended Nov. 6, 2007).  She admits the lender did that, so her section 50(a)(6)(Q)(v) claim fails.

## B.

The second provision on which Rodriguez relies conditions the validity of a lien on "the owner of the homestead and the lender sign[ing] a written acknowledgment as to the fair market value of the homestead property on the date the extension of credit is made."  TEX. CONST., art. XVI, § 50(a)(6)(Q)(ix).  To get past summary judgment, Rodriguez had to show a genuine issue of material fact to be resolved at trial, a burden that "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (cleaned up).  In her attempt to meet that burden, Rodriguez attached to her summary judgment opposition a copy of the "Owner's Acknowledgement of Fair Market Value," which she signed, and a copy of the "Lender's Acknowledgement of Fair Market Value," which is unsigned.

But Deutsche submitted a copy (albeit undated) that First Franklin did sign.  Deutsche also pointed to a "Texas Home Equity Affidavit and Agreement," in which Rodriguez swore at closing that "The Lender and each owner of the Property have signed a written acknowledgement as to the fair market value of the Property."  As Rodriguez did not produce anything to undermine this evidence that First Franklin did sign the fair market value

No. 18-20060

acknowledgment, she failed to establish a genuine issue of fact on section 50(a)(6)(Q)(ix).

*     *     *

The judgment is AFFIRMED.