**Joseph C. BARTOLOMIE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 81–CV–287.**

United States District Court, N.D. New York.

Nov. 13, 1984.

---

**1114**

John S. Hogg, Hamilton, N.Y., for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for defendant; Edward Broton, Asst. U.S. Atty., Albany, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

The above matter comes to me following a Report and Recommendation by Magistrate Ralph W. Smith, Jr., duly filed on the 24th day of April 1984. Following ten days from the service thereof the Clerk has sent me the entire file, including the objections filed by the plaintiff herein.

Magistrate Smith has recommended that the complaint be dismissed for lack of subject matter jurisdiction, the plaintiff having failed to comply with the jurisdictional time requirements set forth in 42 U.S.C. § 405(g).

This action was brought by the plaintiff under 42 U.S.C. 405(g) seeking a reversal of a decision by the Secretary of Health and Human Services (Secretary) finding plaintiff ineligible for disability benefits.

Plaintiff applied for disability insurance benefits for a period of disability beginning April 30, 1979. Plaintiff's claim was denied initially and on reconsideration, and on timely application was heard *de novo* before an Administrative Law Judge (ALJ) rendering a decision denying benefits on July 9, 1980. The plaintiff then retained the services of John S. Hogg, an attorney at law experienced in social security matters. The plaintiff by his attorney then timely filed a request for review with the Appeals Council. The decision of the Secretary was approved by the Appeals Council on September 25, 1980. On October 2, 1980 a certified letter, dated September 25, 1980, was mailed to the plaintiff at his home address and a copy allegedly mailed to Attorney Hogg. The letter informed the plaintiff that there was no basis for granting a request for review and that the hearing decision stands as the final decision of the Secretary. The letter further informed the plaintiff that he had 60 days in which to commence a civil action from the date of receipt of the letter and that it was presumed that the letter was received within 5 days after the date of the letter unless a reasonable showing was otherwise made.

On October 6, 1980, the copy of the letter was allegedly received and signed for by plaintiff.

On December 29, 1980, Attorney Hogg wrote the Appeals Council inquiring as to the status of the claimant's case. On January 30, 1981 the Appeals Council responded to Attorney Hogg's letter enclosing a copy of its decision of September 25, 1980. This was received by Attorney Hogg on February 4, 1981 and the complaint in the instant action was filed on March 31, 1981. The defendant then moved to dismiss the complaint on the ground that the court lacked jurisdiction, the complaint having been filed more than 60 days after the claimant's mailing to him of the notice of adverse decision by the Secretary. 42 U.S.C. § 405(g). Despite plaintiff's objection that motion was granted by Howard G. Munson, Chief Judge, by Order filed August 5, 1981. Thereafter, upon application of the plaintiff, Chief Judge Munson's Order was vacated by Order of this court filed on December 3, 1981 and the defendant was directed to answer the complaint with permission to raise the same jurisdictional issue. Defendant then answered and filed a separate motion to dismiss which was opposed by plaintiff.

It appeared upon the argument of that motion that plaintiff denied that he had in fact signed the postal receipt for delivery of the Appeals Council notice, as alleged, on October 6, 1980 and denied that he had ever received notice of same until response to his attorney's inquiry which was received on February 4, 1981. It was plaintiff's contention that therefore his complaint was filed timely and well within the 60 day requirement. This court then referred the matter to Magistrate Smith to hold an evidentiary hearing and make a determination of fact in regard thereto.

The court now has before it Magistrate Smith's Report and Recommendation wherein he finds that the plaintiff did receive notice on October 6, 1980 based upon his finding that the signature on the October 6, 1980 delivery notice was that of plaintiff. The Magistrate further found

that his representative and counsel of record, Mr. Hogg, did not receive the said notice, apparently as a result of the lack of a street address and proper zip code. The Magistrate then went on to recommend that the complaint be dismissed for lack of subject matter jurisdiction pursuant to the time requirement set forth in 42 U.S.C. § 405(g).

The plaintiff objects to the Magistrate's report on three grounds. First, he alleges that the complaint was filed within 60 days of the plaintiff's effective receipt of the determination of the Appeals Council. Second, he alleges that there was no evidence in the record that the document which was mailed to the claimant on October 2, 1980 was, in fact, a decision made by the Appeals Council. Third, he puts forth the proposition that when a claimant is represented by counsel limitation of time is measured from the date of receipt of notification by counsel.

The second contention of plaintiff, i.e., that the September 24 notice mailed October 2 was ineffective because of lack of proof that an Appeals Council member prepared or issued the document as a decision of the Appeals Council, is without merit.

 As to the argument that the complaint was timely filed, the court notes that jurisdiction under 42 U.S.C. § 405(g) exists when the complaint is filed within 60 days of the *receipt* thereof rather than mailing, as set forth by Magistrate Smith. Receipt thereof is presumed to be 5 days after the date of such notice unless there is reasonable showing to the contrary. 20 C.F.R. § 422.210(c). The Magistrate's report errs when it states that the complaint must be filed within 65 days of mailing. It must be filed within 60 days of receipt. *Matsibekker v. Heckler,* 738 F.2d 79 (2d Cir.1984). There is a presumption that receipt occurred 5 days thereafter. Here, the Appeals Council notice of decision was dated September 25, 1980. The presumption that it was received 5 days thereafter has been rebutted by the Secretary's proof that it was not even mailed until October 2, 1980. This fact is of no moment, however, be-

cause suit was not commenced until March 31, 1980. Sixty days had elapsed in any event.

The decisive question revolves around the actual date of receipt. The Magistrate has found that it was received on October 6, 1980. The Magistrate based his decision primarily on Exhibit D which purportedly contained the signature of the plaintiff which the Magistrate found was a facsimile of and corresponded to other signatures of the plaintiff contained in the Secretary's file.

 However, the court finds that the third basis for objection made by plaintiff to the Magistrate's report is well taken. The Magistrate found, and there is ample support in the record and I accept his finding, that notice was never served on or received by the plaintiff's attorney. The Secretary's regulations require that a representative of claimant shall be sent notice and a copy of any administrative action, determination, or decision. 20 C.F.R. 404.-1715(a)(1).

Here it is undisputed that plaintiff was represented by an attorney and the Secretary was aware of same. Although the regulation does require notice of administrative action, determination, or decision to be sent to a representative (attorney), it does not provide that the failure to send such notice will negate notice to the claimant. Logic and elementary fairness, however, dictate otherwise. This principle has been adopted by the New York Court of Appeals in *Bianca v. Frank*, 43 N.Y.2d 168, 401 N.Y.S.2d 29, 371 N.E.2d 792, where the court observed:

> ... [F]undamental policy considerations ... require that once counsel has appeared in a matter a Statute of Limitations or time requirement cannot begin to run unless that counsel is served with the determination or the order or judgment sought to be reviewed....

Indeed, once a party chooses to be represented by counsel in an action or proceeding, whether administrative or judicial, the attorney is deemed to act as his agent in all respects relevant to the proceeding. Thus any documents, particularly those purporting to have legal effect on the proceeding, should be served on the attorney the party has chosen to handle the matter on his behalf. This is not simply a matter of courtesy and fairness; it is the traditional and accepted practice which has been all but universally codified.... *Matter of Bianca v. Frank*, 43 N.Y.2d 168, 173.

Although examination of the federal case law reveals no decisions directly on point, support for the requirement for notice to an attorney of record can be found in *Penner v. Schweiker*, 701 F.2d 256 (3rd Cir. 1983); *Chiaradonna v. Schweiker*, 569 F.Supp. 1471 (Ed. PA 1983).

Accordingly, the court finds that the plaintiff did not receive the notice required by 42 U.S.C. § 405(g) until February 4, 1981, and that the action herein was timely commenced within 60 days thereof. The court finds that subject matter jurisdiction is present here.

It is therefore,

ORDERED, that the matter is referred back to Magistrate Smith for consideration of whether the Secretary's filing of ineligibility of the plaintiff for disability benefits is supported by substantial evidence and for his Report and Recommendation to the court thereon.

SO ORDERED.