**Lester Ray BARRS, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 89–1913
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 12, 1990.

---

[redacted]

Mary Ellen Felps, Austin, Tex., for plaintiff-appellant.

Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., Etzion Brand, Office of General Counsel, Social Security Div., Baltimore, Md., Helen M. Eversberg, U.S. Atty., Austin, Tex., for defendant-appellee.

[redacted]

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:

We review here for abuse of discretion the district court's refusal to reinstate this action following its dismissal. Finding no error, we affirm.

I.

On August 7, 1987, the Appeals Council of the Social Security Administration sent a notice to plaintiff Lester Barrs informing him of the denial of his request for review of the Administrative Law Judge's (ALJ's) decision in Barrs's case. The notice also stated that, if Barrs desired a review of the ALJ's decision in federal district court, the action must be filed within 60 days from the date he received the notice. On June 2, 1988, Barrs filed such an action, by counsel, in federal district court.

The Secretary of the Department of Health and Human Services filed a motion to dismiss based upon Barrs's failure to comply with the 60-day limit. Barrs did not file a response. A magistrate recommended dismissing the action as untimely filed. Barrs did not object to the magistrate's report and recommendation.

On January 30, 1989, after a de novo review, the district court adopted the magistrate's report and dismissed the action. On February 17, 1989, Barrs, again through counsel, served a motion to reinstate the case on the docket. Barrs argued that the reason the action had been untimely filed was that he "seems to have brain damage." The district court denied the motion, stating that any such arguments should have been presented earlier in the action and that "[e]ven if the Court applied equitable tolling principles, [Barrs] would be hard pressed to show that equity demands that he be permitted to pursue this case given the manner in which he has delayed in this case."

II.

[redacted] Since Barrs's motion to reinstate was served more than ten days after entry of the judgment, we treat it as a motion under Fed.R.Civ.P. 60(b). *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668–70 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). The standard of review is whether the district court plainly abused its discretion in denying the rule 60(b) motion. *See Eleby v. American Medical Sys., Inc.,* 795 F.2d 411, 413–14 (5th Cir.1986); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A Jan.1981). Since Barrs did not file a timely notice of appeal from the district court's underlying judgment, this Court does not have jurisdiction to review the correctness of that judgment. *See Eleby,* 795 F.2d at 412–13; Fed.R.App.P. 4(a).

Rule 60(b)(1) allows relief for "excusable neglect," and Rule 60(b)(6) allows relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b) provides that any such motion must, however, be filed within a "reasonable time." We conclude that the district court did not abuse its discretion in determining that Barrs's equitable tolling argument contained in his Rule 60(b) motion was untimely because he had not raised his "brain damage" argument in response to the Secretary's motion to dismiss or in an objection to the magistrate's report.

Moreover, the district court's denial of Barrs's rule 60(b) motion can be viewed as implicitly rejecting his claim that the court should toll the limitations period. Barrs has not shown that this constitutes an abuse of discretion.

Under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) (1987), Barrs had 60 days from the date he received notice of the Appeals Council's determination to file an action for judicial review in federal district court. *See McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir.1987). Barrs does not argue that he complied with the requirement. Instead, he argues that the time limit should have been equitably tolled.

Congress has authorized the Secretary to toll the 60–day limitations period. *See* section 405(g). The Secretary has chosen not to toll the limitations period in the present case. In rare cases, courts may toll it when "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)). *See id.*, 476 U.S. at 481, 106 S.Ct. at 2030.

In the district court, Barrs filed no medical documentation to support his argument that his mental condition was so deficient as to excuse him from complying with the limitations period. Barrs has alleged no impropriety on the part of the Secretary. *Cf. Bowen*, 476 U.S. at 475, 481, 106 S.Ct. at 2030 (the government's secretive conduct was a factor in determining that the limitations period was equitably tolled).

Barrs did not miss the 60–day filing deadline by a small amount of time; more than nine months passed between the time that the Appeals Council sent the notice and the time that he filed his action in federal district court. Nor has Barrs shown that a determination that he failed to demonstrate grounds for equitable tolling constitutes a plain abuse of discretion; he has not established that his case falls within the narrow class of cases in which the equities in favor of tolling the limitations period are so great that deference to the agency's determination is inappropriate.

Barrs argues that his position is supported by regulations that recognize serious illness and unusual or unavoidable circumstances as reasons for excusing a failure to file in a timely manner. *See* 20 C.F.R. §§ 404.911(b)(1), (9) (1988). But these regulations apply only to filing requests for administrative review; Barrs has not shown that they are binding on the Secretary regarding the time limit for filing an action in federal district court. Moreover, even if the regulations could be viewed as persuasive authority regarding the criteria that courts should use to evaluate equitable tolling of the limitations period, Barrs has not shown that the district court abused its discretion by failing to consider them, because Barrs did not cite them in his rule 60(b) motion and did not show to the district court that he meets the regulations' criteria.

AFFIRMED.