**Lazaro E. FLORES, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 90–2797

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1991.

Rehearing Denied Nov. 20, 1991.

Edward F. Butler and Stan Turpin, South Padre Island, Tex., for plaintiff-appellant.

Jack Shepherd, Asst. U.S. Atty., Chief Civ.Div., Houston, Tex. and Donna Fuchsluger, Trial Atty. DHHS, Baltimore, Md., for defendant-appellee.

Before GARWOOD, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Lazaro Flores (Flores) was denied Supplement Security Income (SSI) disability benefits. He brought this civil action against Louis W. Sullivan, Secretary of Health and Human Services (Secretary), challenging that denial. The district court granted summary judgment for the Secretary on the ground that the complaint was not timely filed within sixty days of Flores' receipt of notice of the denial of benefits. Flores now appeals, contending that the action was timely brought in that the complaint was filed within sixty days of his attorney's receipt of notice. Finding no error, we affirm the district court.

**Facts and Proceedings Below**

Flores applied for SSI disability benefits under Title XVI of the Social Security Act (the Act). On August 29, 1988, an Administrative Law Judge (ALJ) issued a decision denying Flores' claim for benefits. The Appeals Council mailed a notice to Flores dated December 20, 1988, with a copy shown to his attorney, denying Flores' request for review of the ALJ's decision and thereby rendering the ALJ's decision the "final decision of the Secretary." In the denial notice, the Appeals Council informed Flores of his right to commence a civil action under 42 U.S.C. § 405(g) within sixty days of receipt of the letter, and further

stated that, "It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing to the contrary is made." Flores' address, as stated in the letter, is the same as that stated for him in his complaint herein. Nowhere does the record reflect the actual date (or approximate date) that Flores received the notice. Flores never obtained, and his attorney never requested, an extension of time in which to file the civil action.

Flores filed this action on March 3, 1989 [1] under 42 U.S.C. § 405(g), challenging the final decision of the Secretary denying his claim for SSI benefits. The Secretary moved to dismiss Flores' action on May 25, 1989, asserting that Flores' action was barred by the sixty-day limitation period of section 405. Flores filed a response to the Secretary's motion to dismiss, contending that the sixty-day limitation period did not begin to run until his attorney, Edward Butler (Butler), received notice and that Butler did not receive notice until January 4, 1989.[2] Nowhere in the response, however, did Flores contest his timely receipt of notice.

■ The case was referred to a magistrate who filed a report recommending that the Secretary's motion to dismiss be granted. The district court adopted the Magistrate's Report and Recommendation, granted the Secretary's Motion for Summary Judgment,[3] and entered judgment for the Secretary on July 9, 1990. Flores brings this appeal contending only that the district

---

1. Flores was presumed to have received the notice on December 26, 1988, five days (excluding Christmas) after the date on the notice. Sixty days from December 26 was February 24, 1989. By filing on March 3, 1989, he exceeded the sixty-day period by at least seven days.

2. Flores' response to the Secretary's motion to dismiss was accompanied by three affidavits: those of Butler; Butler's associate, R. Bruce Phillips (Phillips); and the office secretary, Jeannette Garza (Garza). In none of the affidavits, however, do the affiants assert positively that they remember the notice arriving on January 4, 1989. Instead, Butler infers that he did not receive notice until January 4 because he always ensures that the mail is picked up every day and that he reads it each day and his first billing entry (presumably following appeal from

the ALJ to the Appeals Council) relating to Flores' case was on January 4. The affidavits of Phillips and Garza simply vouch for Butler's habit of picking up and reading his mail daily. The Secretary's motion was supported by an affidavit as to the mailing of the December 20, 1988 notice.

3. While the Secretary filed a Motion to Dismiss (presumably under Federal Rule of Civil Procedure 12(b)(6)), the district court properly converted the motion for dismissal into a Rule 56 motion for summary judgment since the court considered material outside the pleadings, namely the affidavits. See *Triplett v. Heckler*, 767 F.2d 210, 212 (5th Cir.1985), *cert. denied*, 474 U.S. 1104, 106 S.Ct. 889, 88 L.Ed.2d 923 (1986).

court improperly dismissed the case since it was timely brought within sixty days of his attorney's receipt of notice.

### Discussion

■ The Act establishes a mechanism for judicial review of administrative decisions. Section 405(g) provides that:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). The Secretary has promulgated regulations explaining the meaning of "mailing"; the regulations clarify that a civil action must be commenced within sixty days after the notice "is received by the individual." 20 C.F.R. § 422.210(c) (1990). The regulations also establish a rebuttable presumption that "the date of receipt of notice ... shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.* There is one exception to this sixty-day period; the Appeals Council may extend the time upon a showing of good cause. *Id.* Nowhere do the time limits refer to notice to the claimant's attorney.

The regulations, however, do provide for notice to a claimant's attorney. *See* 20 C.F.R. §§ 404.1705–.1715 (1990). Section 404.1705 of the regulations allows a claimant to appoint an attorney as a representative. *Id.* § 404.1705. The Social Security Administration (SSA) will recognize the attorney as the representative if both the claimant and the attorney file a notice stating that the attorney is the representative. *Id.* § 404.1707. The regulations also provide that the SSA will send the representative (here the attorney) notice of any administrative decision and that "notice or request sent to your representative, [sic] will have the same force and effect as if it had been sent to you." *Id.* § 404.1715.

Flores was informed by letter dated December 20, 1988 of the Secretary's final decision. Under the presumption established in the regulations, Flores personally received the notice within five days after the date of the notice, or on December 26 (since December 25 was a holiday). Flores does not dispute that he received notice by December 26. Flores then had sixty days, or until February 24, 1989, to timely file the complaint. Thus, it appears that Flores' suit, which was not filed until March 3, 1989, was properly dismissed as untimely.

Flores, however, asserts that he has successfully rebutted the five-day presumption of receipt by showing that Butler did not receive actual notice of the decision until January 4, 1989. In support of this argument, he relies on Butler's affidavit which states that Butler has no doubt that he received notice on January 4, 1990. While not questioning Butler's veracity, we note that his showing is weak. Nowhere does he state positively that he remembers receiving notice on January 4, and no envelope with a postmark or "received on" date is ever produced or mentioned and Butler does not contend that his copy of the December 20 notice has any mark on it indicating when it was received. Instead, Butler simply infers that because he had a practice of getting and reading the mail everyday and because the first entry in his time records relating to Flores' case (presumably after the appeal from the ALJ to the Appeals Council) is on January 4, he could not have received notice before January 4.

Flores' legal argument hinges on an interpretation of section 405(g) in which receipt of notice by the attorney, instead of by the claimant, begins the running of the sixty-day period for filing. However, the relevant statutory and regulatory provisions are phrased in terms of "the individual" and "the claimant." Section 205(g) of the Act allows "any individual" to bring a civil action within sixty days after the mailing "to him" of notice. 42 U.S.C. § 405(g). The regulations provide that "[a] claimant may obtain judicial review" if the civil action is brought within 60 days after notice is received by "the individual." 20 C.F.R. § 422.210(a), (c). Both the statute and the

regulations pinpoint receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days.

Flores relies on two cases to support his interpretation. *See Penner v. Schweiker*, 701 F.2d 256 (3rd Cir.1983); *Bartolomie v. Heckler*, 597 F.Supp. 1113 (N.D.N.Y.1984). In *Bartolomie*, notice dated September 25, 1980 was mailed to the plaintiff, which the plaintiff received on October 6, 1980. On December 29, 1980, the attorney, having not yet received notice, inquired about the plaintiff's case, and in response, received a copy of the Secretary's decision on February 4, 1981. The attorney filed a complaint in the district court on March 31, 1981. The district court refused to dismiss the case on the grounds that the complaint was not timely filed. *Bartolomie*, 597 F.Supp. at 1116. The district court used the date that the attorney received notice as the operative date for receipt for notice and found that the complaint was therefore timely filed. The court relied on the regulation providing that the secretary would send a copy of any administrative decision to the attorney.

We consider *Bartolomie* to be distinguishable. The attorney in *Bartolomie* never received notice of the decision until he himself inquired about the status of the case more than 65 days after the notice to the claimant. Thus, the Secretary breached his own regulations requiring notice to be sent to the attorney. In the present case, however, Butler was sent and did receive notice, though his receipt was not as prompt as Flores' (there is nothing to indicate that the notice sent Butler was not sent at or within a few days of December 20). *Bartolomie* does not require that where, as here, the claimant and the attorney both receive notice well within the presumptive 65 day period to file suit, the attorney's receipt of notice and not the claimant's should trigger the sixty-day clock.

Flores' reliance on *Penner* is also inapposite. In *Penner*, the claimant had severe emotional problems that prevented him from functioning in most workplace situations. The claimant received notice of denial of benefits on January 2, 1980, but as in *Bartolomie*, his attorney never received notice. The attorney first discovered the notice after making his own inquiry in July 1980 and filed a complaint on July 30, 1980. The district court dismissed the action as not timely filed. The Third Circuit reversed and remanded for the district court to determine if Penner's mental incapacity prevented him from pursuing his administrative remedies. *Penner*, 701 F.2d at 261. Like *Bartolomie*, the Secretary in *Penner* breached his own regulations by never sending Penner's attorney notice. Butler, however, as noted above, was sent and did receive notice well within the presumptive 65 days. *Penner* is also distinguishable from the present case in that Penner's mental incapacity arguably prevented him from timely pursuing his remedies himself or notifying his attorney. Nothing in the record here suggests that Flores was prejudiced in any way.

As relevant by analogy, we look to cases interpreting the judicial review provision of Title VII, 42 U.S.C. § 2000e–5(f)(1). *See Noe v. Ward*, 754 F.2d 890 (10th Cir.1985); *Hernandez v. Hill Country Telephone Co.*, 849 F.2d 139 (5th Cir.1988). Section 2000e–5(f)(1) provides that if the Equal Employment Opportunity Commission (EEOC) dismisses a charge, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought." Title VII, like the Act, allows a claimant only a limited time from the receipt of notice in which to bring suit.

In *Noe*, the Tenth Circuit was presented with the same issue we now face: whether receipt of notice by the individual or the attorney started the ninety-day period. The plaintiff received a right to sue letter from the EEOC on April 4, 1983, while her attorney received the letter on April 11, 1983. Plaintiff's lawsuit was filed on July 7, 1983, 94 days after the plaintiff received notice, but only 87 days after her attorney's receipt of notice. The Tenth Circuit held that: "In the instant case the plaintiff herself received notice more than 90 days before suit was filed. She may not now complain that the 90 days did not begin to run until the receipt of the "Right to Sue"

letter by her attorney seven days later." *Noe,* 754 F.2d at 892.

We have reached a similar result on slightly different facts. *See Hernandez,* 849 F.2d at 141. In *Hernandez,* the attorney received notice of the right-to-sue letter on November 25, 1983, while the claimant did not receive notice until December 7, 1983. Suit was filed on February 27, 1984. The defendants filed a motion to dismiss, contending that the ninety-day period began when Hernandez's attorney received notice. We rejected that argument, stating: "We have held repeatedly that when the right-to-sue letter is addressed to the claimant, the 90–day period begins to accrue when the claimant receives the notice." *Hernandez,* 849 F.2d at 141.

While these cases interpreting Title VII are not controlling, we do find them persuasive. The judicial review provisions under both Title VII and the Act condition review on the bringing of suit within a set number of days of notice to the "individual" or the "aggrieved party." While both statutory schemes allow for notice to a claimant's attorney, notice to the attorney is not a factor in determining the period in which judicial review can be sought.

Thus we hold that here the claimant Flores must be presumed to have received the December 20, 1988 notice by December 26, 1988, and that the sixty day limitations period hence began to run on December 26, 1988, and not on January 4, 1989, when Flores' attorney allegedly first received his copy of the notice. Thus, the suit, to be timely, had to have been filed by February 24, 1989. Since it was not filed until March 3, 1989, it was properly dismissed as time barred.[4]

The potential plaintiff always has the alternative of requesting an extension of time from the Appeals Council upon making the requisite showing of good cause. Additionally, a plaintiff can, in appropriate situations, invoke the doctrine of equitable tolling. The Supreme Court has held that the sixty-day period in section 405(g) represents a statute of limitation instead of a jurisdictional bar. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *see also Triplett v. Heckler,* 767 F.2d 210, 211 (5th Cir.1985), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 889, 88 L.Ed.2d 923 (1986). As the prescribed time is a statute of limitation, the equitable doctrine of tolling can be applied. *See Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986) (concluding that "application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress'" (citation omitted)). However, Flores does not urge, and we do not find, that such an equitable remedy is appropriate here.[5]

### Conclusion

The district court correctly held that Flores' action was not timely brought within sixty days of his receipt of notice. We accordingly affirm the summary judgment in favor of the Secretary.

AFFIRMED.

---

4. We note our agreement with the magistrate's observation that even if Butler did not receive notice until January 4, 1989, the notice (a copy of the December 20 letter addressed to Flores) clearly stated the limitation period and indicated the period within which a timely complaint needed to be filed. The notice also provided that a reasonable showing to the contrary of the presumed receipt date could be made. Thus, Butler was on notice as to when suit would have to be timely filed under the sixty-day limitation period. He could have either sought an extension of time or filed the suit within the limitation period, but he failed to follow either of these prudent avenues. Despite

being on notice of the apparent date by which a complaint must be filed, Butler waited until the fifty-ninth day after he presumably received notice to file the complaint on behalf of Flores. This procrastination proved to be ill-advised.

5. Equitable tolling might be appropriate in a situation such as in *Penner* where the plaintiff was prejudiced by the lack of (or untimely) notice to his attorney. Equitable tolling might also arguably be appropriate if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown.