United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 02-41674
Summary Calendar

————————————

GEORGE C. LEWIS,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(No. C-01-CV-17)
--------------------

Before WIENER, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant George Lewis appeals from the district

court's denial of his FED. R. CIV. P. 60(b) motion to vacate the

order of dismissal in favor of Jo Anne B. Barnhart, Commissioner of

Social Security ("Commissioner").  Dismissal was based on the

untimeliness of Lewis's filing of his petition for review of the

denial of social security benefits under 42 U.S.C. § 405(g).  For

the reasons assigned, we affirm the ruling of the district court.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lewis asserts that the judgment should be vacated under either FED. R. CIV. P. 60(b)(1) or (b)(6).  He contends that (1) he was confused regarding where to file his complaint and his motion for an extension of time, (2) he was unable promptly to retain counsel, (3) he filed a timely motion for extension of time within which to file his complaint, (4) his counsel believed that the time extension had been granted, (5) the Office of Hearing and Appeals for the Social Security Administration (SSA) failed to respond to his motion for extension of time before the limitations period expired, and (6) the SSA failed to confirm receipt of his motion for an extension of time until almost one year after his complaint had been dismissed as time-barred.  For the same reasons, he argues that the limitations period for filing his civil complaint under 42 U.S.C. § 405(g) should be equitably tolled.  He has abandoned his argument that his judgment should be vacated under FED. R. CIV. P. 60(b)(2).  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Appellate review of the denial of a Rule 60(b) motion is narrower in scope than review of the underlying order of dismissal. Phillips v. Insurance Co. of N. America, 633 F.2d 1165, 1167 (5th Cir. 1981).  "It is not enough that the granting of relief might have been permissible, or even warranted -- denial must be so unwarranted as to constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

2

Lewis was advised by the Appeals Council that his civil complaint should be filed in the United States District Court for the judicial district where he resided and that a motion for extension of time should be sent to the Appeals Council. His inability to retain an attorney promptly did not constitute a "mistake, inadvertence, surprise, or excusable neglect." See FED. R. CIV. P. 60(b)(1). In addition, the negligence or carelessness of a client's lawyer, such as missing deadlines, does not constitute excusable neglect under FED. R. CIV. P. 60(b)(1). Lavespere v. Niagra Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); United States v. One 1978 Piper Navajo PA-31, Aircraft, 748 F.2d 316, 319 (5th Cir. 1984); Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir. 1993).

Neither does the SSA's failure to respond to Lewis's motion for extension of time before the limitations period expired warrant relief under Rule 60(b)(1). See Edward H. Bohlin Co., 6 F.3d at 356-57; Loyd v. Sullivan, 882 F.2d 218, 219 (7th Cir. 1989). The same is true for the SSA's failure to confirm receipt of the motion for extension of time until almost one year after the complaint was dismissed: It has no bearing on whether the judgment should be vacated under FED. R. CIV. P. 60(b)(1). Lewis does not assert that, in the period between the filing of the motion for extension of time and the expiration of limitations period, the SSA misled him

3

to think that his motion for extension of time had been granted. The SSA's comments after the limitations period had expired have no bearing on the untimely filing of Lewis's complaint. He and his counsel had a duty to inquire about the status of the motion for extension of time, and their failure to do so does not constitute "unique circumstances" warranting relief under Rule 60(b)(1). See Edward H. Bohlin Co., 6 F.3d at 356-57; see also United States v. O'Neil, 709 F.2d 361, 374 (5th Cir. 1983).

"To justify relief under Rule 60(b)(6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393-94 (1993) (citations omitted). Lewis is not without fault in failing to file his complaint timely, so the district court did not abuse its discretion by not vacating the judgment under FED. R. CIV. P. 60(b)(6). See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 939 (5th Cir. 1999); see also Edward H. Bohlin Co., 6 F.3d at 356-57.

Lewis's equitable tolling argument was not made within a "reasonable time" as required by FED. R. CIV. P. 60. Barrs v. Sullivan, 906 F.2d 120, 122 (5th Cir. 1990). Even if it had been, however, his is not one of those rare cases in which "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Id. (citing and quoting Bowen v. City of New York, 476 U.S. 467, 480 (1986));

4

see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 94-96 (1990).

AFFIRMED.