Belinda Jo SMITH, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. CIV.A.H–03–3485.

United States District Court,
S.D. Texas,
Houston Division.

May 3, 2004.

Belinda Jo Smith, Houston, TX, Pro se.

Joseph B Liken, OGC Social Sec Admin., Dallas, TX, for Social Security Administration, Defendant.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

Pending before this Court are Plaintiff Belinda Jo Smith's ("Smith") Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. # 9]. Smith challenges the findings and conclusions in the Memorandum and Recommendation [Doc. # 8] entered by Magistrate Judge Calvin Botley on April 15, 2004, suggesting that the Defendant Jo Anne B. Barnhart's, Commissioner of the Social Security Administration ("Commissioner"), motion to dismiss, as converted to a motion for summary judgment, be granted [Doc. # 5], as the case was untimely filed.

▮▮▮ Smith's Objections are deemed timely filed. *See* 28 U.S.C. § 636(b)(1). The Court has reviewed the Memorandum and Recommendation and the Objections, as well as made a *de novo* review of the Memorandum and Recommendation and specified proposed findings or recommendations to which objection is made. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 925 F.2d 853, 855 (5th Cir.1991).[1] The Court finds that the Memorandum and Recommendation should be adopted as this Court's Memorandum and Order, as supplemented herein.

▮▮▮ Smith is presumed to have received on June 25, 2003, a notice from the Appeals Council, advising her of its decision to deny her request for review, that she was entitled to judicial review, and that such an action had to be commenced within 60 days of her receipt of the notice. *See* Appeals Council letter [Docs. # 5]. Smith's deadline for seeking review in this Court was August 24, 2003. Smith did not file this case until September 3, 2003, which was 10 days late. Smith failed to present any grounds for equitable tolling. Thus, the Magistrate Judge determined that Smith's case was time-barred.

Smith objects to this ruling, asserting the same arguments proffered to the Magistrate Judge as well as providing an account entitled, "This How My Life Change," which describes a series of events commencing in 1990, involving ex-boyfriends, surgeries, and chronic pain from which she allegedly suffers. *See* Doc. # 9. Smith has failed to present any evidence demonstrating that her case was timely filed or meriting the application of equitable tolling. Accordingly, the Magistrate Judge's conclusion that this case was untimely filed is correct and Smith's objections are denied. *See* 42 U.S.C. § 405(g), (h); *see also Fletcher v. Apfel,* 210 F.3d 510, 512 (5th Cir.2000); *Flores v. Sullivan,* 945 F.2d 109, 113 (5th Cir.1991). It is, therefore,

**ORDERED** that Smith's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. # 9] are **DENIED**. It is further

**ORDERED** that the Memorandum and Recommendation [Doc. # 8] is **ADOPTED**

---

**1.** The district court must make a *"de novo* determination of the objections"* raised by the parties. *See Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir.1987). "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider." *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982), *overruled on other grounds by Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n. 8; *accord United States v. Carrillo–Morales,* 27 F.3d 1054, 1061 (5th Cir.1994), *cert. denied,* 513 U.S. 1178, 115 S.Ct. 1163, 130 L.Ed.2d 1119 (1995).

as this Court's Memorandum and Order. Further, it is

**ORDERED** that the Commissioner's Motion to Dismiss, as converted to a Motion for Summary Judgment [Doc. # 5], is **GRANTED.** It is finally

**ORDERED** that this matter is **DISMISSED WITH PREJUDICE.**

## MEMORANDUM AND RECOMMENDATION

BOTLEY, United States Magistrate Judge.

Pending before the Court is Defendant Jo Anne B. Barnhart's ("Commissioner") motion to dismiss, which was converted by Order of this Court into a motion for summary judgment. *See* Docket Entry Nos. 5 and 6. The Commissioner seeks dismissal of Plaintiff Belinda Jo Smith's ("Smith") appeal of an Administrative Law Judge's ("the ALJ") decision that she is not entitled to receive Title XVI supplemental security income ("SSI") benefits. *See* 42 U.S.C. § 1382c(a)(3)(A). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, it is recommended that the Commissioner's motion (Docket Entry No. 5) be granted.

### I. *Background*

Smith filed an application for SSI benefits with the Social Security Administration ("SSA") on April 8, 1998, alleging an inability to work due to a hernia and back and leg pain. On July 10, 2002, a hearing was held before an ALJ in Houston, Texas. In a decision dated September 16, 2002, the ALJ denied Smith SSI benefits. *See* Docket Entry No. 5, at Exh. 1.

Smith appealed the ALJ's decision to the Appeals Council of the SSA's Office of Hearings and Appeals, which, on June 20, 2003, declined to review the ALJ's deter-

mination, rendering his opinion the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). In its letter of June 20, 2003, the Appeals Council explained that Smith was entitled to judicial review but advised that such an action had to be commenced within sixty (60) days of her receipt of the Appeals Council's decision. *See* Docket Entry No. 5, at Exh. 2. Smith filed the instant action on September 3, 2003.

### II. *Analysis*

The Commissioner seeks dismissal of this action, asserting that it was not timely filed under the controlling statute. *See* 42 U.S.C. § 405(g), (h). The Commissioner further argues that there are no circumstances that justify equitable tolling of the filing period set forth in the statute. In an assembly of miscellaneous papers mailed to the Attorney Admission department of the Court, Smith opposes the Commissioner's motion. *See* Docket Entry No. 7.

Section 405, the provision of the Social Security Act authorizing and limiting judicial review, provides in pertinent part:

(g) Judicial review

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which [she] is a party ... may obtain a review of such decision by a civil action commenced within *sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow....*

(h) Finality of Commissioner's decision

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Com-*

*missioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided:...*

42 U.S.C. § 405(g), (h) (emphasis added); *see also* 20 C.F.R. § 422.210; *Fletcher v. Apfel,* 210 F.3d 510, 512 (5th Cir.2000); *Kinash v. Callahan,* 129 F.3d 736, 738 (5th Cir.1997); *Brandyburg v. Sullivan,* 959 F.2d 555, 558 (5th Cir.1992). Additional clarification of the language permitting the Commissioner to allow "further time" is provided in regulations promulgated pursuant to the statute. *See* 20 C.F.R. § 422.210(c); *Fletcher,* 210 F.3d at 512; *McCall v. Bowen,* 832 F.2d 862, 864 & n. 1 (5th Cir.1987). Under the regulations, the 60–day period begins when notice is received by the claimant. *See* 20 C.F.R. §§ 404.981, 422.210(c). The regulations also provide that the Secretary may extend the limitation period for a claimant who fails timely to bring suit where the claimant demonstrates "good cause." *See* 20 C.F.R. §§ 404.911, 404.982 416.1411, 416.1482, 422.210(c).

■ The regulations create a rebuttable presumption that the claimant received the notice "five days after the date of such notice." 20 C.F.R. §§ 404.901, 422.210(c). A claimant may rebut this presumption by making a "reasonable showing to the contrary" that she did not receive such notice within 5 days. *Id.* at § 422.210(c). If the claimant successfully rebuts the presumption, the burden shifts to the Secretary to establish that the claimant received actual notice. *See McCall,* 832 F.2d at 864.

■■ The Fifth Circuit has held that the 60–day period set forth in § 405(g) is a statute of limitation rather than a jurisdictional requirement. *See Flores v. Sullivan,* 945 F.2d 109, 113 (5th Cir.1991) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)); *see also Fletcher,* 210 F.3d at 513; *Triplett*

*v. Heckler,* 767 F.2d 210, 211 & n. 1 (5th Cir.1985), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 889, 88 L.Ed.2d 923 (1986). The limitations embodied in § 405(g) serve as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York,* 476 U.S. 467, 481, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). If a claimant fails timely to file or obtain an extension, in appropriate situations, he or she may invoke the doctrine of equitable tolling. *See Flores,* 945 F.2d at 113 (citing *Bowen,* 476 U.S. at 480, 106 S.Ct. 2022). Equitable tolling may be available where the "plaintiff was prejudiced by the lack of (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *Id.* at n. 5, 106 S.Ct. 2022. In addition, "there are rare cases in which courts may toll it when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Barrs v. Sullivan,* 906 F.2d 120, 122 (5th Cir.1990) (citations omitted).

Applying these principles to the instant case, the declaration of Patrick J. Herbst of the SSA and the exhibits attached thereto, establish that on June 20, 2003, the Appeals Council sent a letter advising Smith of its decision to deny her request for review of the ALJ's decision, that she was entitled to judicial review, and that such an action had to be commenced within 60 days of her receipt of the Appeals Council's decision. *See* Docket Entry No. 5. Smith is presumed to have received this letter within 5 days—*i.e.,* on or before June 25, 2003. Smith has failed to rebut this presumption.

Hence, Smith's deadline for seeking review in this Court was August 24, 2003. Smith did not institute this action until

September 3, 2003—10 days *after* the deadline. In her response, Smith acknowledges that the social security office told her that she had sixty days to file a federal lawsuit. *See* Docket Entry No. 7. Nevertheless, Smith blames the social security office for her late filing, claiming that they gave her the wrong form. *See id.* There is no evidence that Smith sought and received from the Appeals Council an extension of time to file suit. Additionally, Smith has failed to present any evidence meriting the application of equitable tolling. As the Fifth Circuit has noted "equity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir.1989); *accord Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir.1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir.1999), *cert. denied,* 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001). Simply stated, this is not one of those rare cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen,* 476 U.S. at 480, 106 S.Ct. 2022 (citations omitted). Hence, equitable tolling is not available to excuse Smith's untimely filing of the instant action.

### III. *Conclusion*

Accordingly, it is

**RECOMMENDED** that the Commissioner's Motion to Dismiss (Docket Entry No. 5), as converted to a motion for summary judgment, be **GRANTED**. It is further

**RECOMMENDED** that this matter be **DISMISSED** from the dockets of this Court.

The Clerk shall send copies of the Memorandum and Recommendation to the respective parties. The parties have ten (10) days from receipt to file specific, written objections to the Memorandum and Recommendation. *See* FED. R. CIV. P. 72. Absent plain error, the failure to file objections bars an attack on the factual findings, as well as the legal conclusions, on appeal. The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208–1010. Copies of the objections must be mailed to the opposing party and to the chambers of the magistrate judge, P.O. Box 610205, Houston, Texas 77208–0070.

April 15, 2004.