**Assem ABULKHAIR, Appellant**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION.**

No. 07–4744.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 9, 2009.

Opinion filed: Oct. 26, 2009.

Assem Abulkhair, Clifton, NJ, pro se.

Karla J. Gwinn, Esq., Social Security Administration, Office of General Counsel– Region II, New York, NY, Anthony J. Labruna, Jr., Esq., Office of United States Attorney, Newark, NJ, for Commissioner of the Social Security Administration.

Before: MCKEE, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Pro se appellant Assem Abulkhair challenges the District Court's denial of his motion to reinstate an appeal. For the reasons below, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.

### I.

In 2002, Abulkhair filed an action in the United States District Court for the District of New Jersey for review of the Social Security Administration's ("SSA") Appeals Council's decision that he was ineligible for disability benefits. (D.N.J.Civ.A. No. 02–1220.) On March 21, 2003, Abulkhair and the Commissioner executed a consent order for remand of the case under the fourth sentence of 42 U.S.C. § 405(g). Two days later, the District Court entered a judgment that remanded the matter to the SSA and dismissed the case. On remand, an administrative law judge ("ALJ") held a supplemental hearing, and in 2004 the ALJ issued a new decision finding that Abulkhair was ineligible for benefits. Abulkhair sought review of that decision by the Appeals Council.[1] On May 25, 2007, the Appeals Council issued a final decision adopting the ALJ's 2004 decision.

Abulkhair then filed a new cause of action in the District Court seeking review of the May 25, 2007 Appeals Council's decision. (D.N.J.Civ.A. No. 07–3276.) However, on July 26, 2007, the District Court terminated the action because it was substantially related to Abulkhair's 2002 action. The July 26th order directed Abulkhair to seek reinstatement of his original appeal under Civil Action Number 02–1220.

Abulkhair did not appeal from the July 26th order, but on July 27, 2007, followed the District Court's directive by filing a pro se motion to reinstate his appeal under Civil Action Number 02–1220. Abulkhair retained counsel; however, his attorney withdrew on November 15, 2007. On November 30, 2007, the District Court held a hearing regarding Abulkhair's motion; Abulkhair did not attend the hearing, claiming that his attorney never told him about it. And on December 11, 2007, the District Court denied Abulkhair's request to reinstate his appeal. The order stated, in part, that the District Court "had previously denied such a reopening and that such denial was proper and that no basis exists for either a reopening or a reconsideration of the prior decision." The District Court further stated that it would not consider any additional submissions regarding the case.

Abulkhair now appeals from the December 11, 2007 order.

### II.

We have jurisdiction to review the District Court's December 11th order under 28 U.S.C. § 1291.

■ The District Court's 2003 remand and dismissal of Abulkhair's appeal from the Appeals Council's 2002 decision was made pursuant to sentence four of 42 U.S.C. § 405(g). The remand thus "terminated the litigation with victory for [Abulkhair]," and the District Court relinquished jurisdiction. *See Johnson v. Gonzales,* 416 F.3d 205, 209 (3d Cir.2005) (citing *Shalala v. Schaefer,* 509 U.S. 292, 300–02, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)).

---

1. While the ALJ's 2004 decision was pending before the Appeals Council, Abulkhair filed a motion to reopen the original cause of action, which the District Court denied on April 11, 2005.

On remand, the ALJ held a new hearing and issued a new decision, which the Appeals Council adopted on May 25, 2007. Under 42 U.S.C. § 405(g) and regulations, Abulkhair thus had sixty days after receiving notice of the decision to seek judicial review of the Appeals Council's decision. *See Flores v. Sullivan,* 945 F.2d 109, 111 (5th Cir.1991); 20 C.F.R. § 422.210(c). Abulkhair filed a new civil action pursuant to Section 405(g) in the District Court on July 13, 2007, but the District Court terminated the case and ordered Abulkhair to file a motion to reinstate his 2002 appeal.[2]

Abulkhair followed the directive to file a motion to reinstate his appeal under Civil Action Number 02–1220. However, despite its caption, the substance of Abulkhair's motion demonstrates that he was seeking review of the Appeals Council's 2007 decision—i.e., he was not attempting to get a "second bite at the apple." *See Turner v. Evers,* 726 F.2d 112, 113 (3d Cir.1984) (finding that the substance of the motion governs); *see also Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir.2003) (stating the general rule that courts are to liberally construe pro se litigants' pleadings). We thus conclude that the District Court should have construed Abulkhair's motion as seeking review of the 2007 decision rather than as a motion to reopen. Accordingly, we will vacate the District Court's December 11, 2007 denial of Abulkhair's motion.

■ Further, we note that Abulkhair's July 27th filing was a timely appeal from the Appeals Council's May 25th decision. The limitation period for seeking judicial review from the decision commenced when Abulkhair received notice of the Appeals

Council's decision, *see Flores,* 945 F.2d at 111; 20 C.F.R. § 422.210(c). The regulations establish a rebuttable conclusion that "the date of receipt of the notice of ... the decision of the Appeals Council shall be presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Because Abulkhair is thus presumed to have received notice of the Appeals Council's decision on May 30th, his July 27th filing is timely under Section 405(g).[3]

For the foregoing reasons, we will vacate the District Court's December 11, 2007 order and remand with instructions for the District Court to construe Abulkhair's July 27th submission as a new civil action filed under 42 U.S.C. § 405(g).

---

2. The July 26th order is not before us and we make no decision as to whether it was proper.

3. Even if Abulkhair's July 27th filing was untimely under 42 U.S.C. § 405(g), we note that the time limitation is not jurisdictional and is

subject to equitable tolling. *See Fletcher v. Apfel,* 210 F.3d 510, 513 (5th Cir.2000); *Bowen v. City of New York,* 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).