# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2010

Lyle W. Cayce
Clerk

No. 09-20432
Summary Calendar

JAMES T. LEGGETT,

Plaintiff-Appellant

v.

BRENT NEWTON; SETH SILVERMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-341

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

James T. Leggett appeals the district court's denial of his Federal Rule of Civil Procedure Rule 60(b) motion, which challenged the dismissal, as frivolous, of his 42 U.S.C. § 1983 civil rights complaint. The district court noted that Leggett's motion did not state any grounds that would entitle him to relief under Rule 60(b).

We do not have jurisdiction to review the correctness of the district court's dismissal of the underlying § 1983 civil rights complaint, and Leggett is limited

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on appeal to a challenge of the district court's decision to deny his Rule 60(b) motion. *See Barrs v. Sullivan*, 906 F.2d 120, 121 (5th Cir. 1990). Leggett, however, does not address the district court's denial of his Rule 60(b) motion and only presents arguments in support of his underlying §1983 civil rights complaint. Thus, Leggett has abandoned his only cognizable claim on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that an appellant's failure to identify any error in the district court's analysis is the same as if he had not appealed the judgment). To the extent that Leggett raises new claims, we need not address those because this court does not generally consider arguments raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Leggett is cautioned that the district court's dismissal of his complaint as frivolous and our dismissal of this appeal as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Leggett is further cautioned that if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.