# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60271
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2013

Lyle W. Cayce
Clerk

JACQUELINE WALKER MIMS,

Plaintiff-Appellant

v.

GENERAL MOTORS,

Defendant-Appellee

--------------------

JACQUELINE WALKER-MIMS,

Plaintiff-Appellant

v.

BARBARA JONES; RITA DERENCIUS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-617
USDC No. 3:09-CV-648

No. 12-60271

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

This appeal arises out of consolidated suits by Jacqueline Walker Mims asserting various claims arising out of her employment and termination of her employment by General Motors Corporation LLC (GM). The district court dismissed claims against appellees Barbara Jones and Rita Derencius and later granted a motion by GM for summary judgment. Mims filed a motion for reconsideration, which the court denied, and then filed a notice of appeal. She now contends that the court abused its discretion by denying her request for additional time to pursue discovery prior to entry of summary judgment.

We lack jurisdiction to consider Mims's arguments, an issue we raise sua sponte. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Mims did not file a timely notice of appeal from the underlying judgment. Instead, more than 28 days after the entry of judgment, she filed a motion seeking relief under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. Given the timing of her motion, it did not suspend the time to appeal the underlying judgment. *See* FED. R. APP. P. 4(a)(1)(A), (4). Although she timely filed a notice of appeal from the denial of her postjudgment motion, that does not bring up the underlying judgment for review; accordingly, we have jurisdiction to consider only the order denying the postjudgment motion. *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998); *Barrs v. Sullivan*, 906 F.2d 120, 121 (5th Cir. 1990). However, Mims addresses none of the issues raised in that motion, focusing instead her contention that the court improperly granted summary judgment without permitting discovery. We lack jurisdiction to consider that argument.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60271

Even if we had jurisdiction, we would affirm as Mims failed to make the required showing under Rule 56(d) of the Federal Rules of Civil Procedure, nor has she shown any abuse of discretion. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006).

DISMISSED FOR LACK OF JURISDICTION.